**John C. BENNETT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14567.**

United States Court of Appeals,
Fourth Circuit.

June 3, 1970.

John C. Bennett, pro se.

Keith S. Snyder, U. S. Atty., and David B. Sentelle, Asst. U. S. Atty., on the brief, for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

In this appeal we find oral argument unnecessary and grant the appellee's motion for summary affirmance.

This litigation arises out of a 1965 misdemeanor conviction and thirty day sentence which has been fully served for more than four years. After the conviction had been affirmed by the Supreme Court of North Carolina, Bennett filed a petition for habeas corpus in the United States District Court asserting that his rights had been denied him in the proceedings leading to his conviction. Because of the brevity of the sentence the District Court held an accelerated hearing, after which relief was denied on the merits. Bennett sought to appeal the decision to this court, but under the then applicable law [1] we dismissed the appeal as moot as a consequence of his release from custody. Bennett v. North Carolina, No. 10,891, mem. dec. (4 Cir., September 16, 1966), cert. denied 385 U.S. 1018, 87 S.Ct. 744, 17 L.Ed.2d 555 (1967), reh. denied 386 U.S. 978, 87 S.Ct. 1168, 18 L.Ed.2d 141 (1967).

Subsequently Bennett filed an additional petition in which he alleged that his release from custody was not unconditional and that the case was not moot, further alleging that various persons had falsified and removed records from this court's files with the intention of misleading this court into believing that his appeal was moot. The District Court

---

[1]. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960).

**794**

dismissed the petition and Bennett appealed. We held that the allegations of falsification and removal of records, even if true, would entitle him to no relief unless those acts had some bearing on the outcome of his case. We noted that the District Court, although disposing of the first petition on a procedural ground, had ruled alternatively on the merits of the issues presented, and we expressly found the District Court's rulings on the merits to have been correct, and that Bennett was not entitled to any relief from his conviction. Bennett v. North Carolina, Misc. 476, mem. dec. (4 Cir., August 6, 1968), cert. denied 393 U.S. 1006, 89 S.Ct. 499, 21 L.Ed.2d 471 (1968).

Apparently ignoring the fact that the disposition of his second appeal was on the merits, Bennett filed this complaint under the Federal Tort Claims Act, alleging that the Clerk of this court at the time his first appeal was docketed joined in the conspiracy against him and removed a paper from his file which, he contends, would have demonstrated that his appeal was not moot. We note in passing that the record of the original appeal does contain a paper filed by Bennett in which he develops the reasons for his contention that his case was not moot. There is no evidence that it has ever been removed from the file.

We do not decide, or even intimate, that the allegations of Bennett's present complaint state a claim for relief under the Tort Claims Act. We decide only that the injury which he claims resulted from the alleged acts and omissions—the denial of a ruling by this court on the merits of his habeas corpus petition—never occurred, as is clearly shown from our opinion in his second appeal. Nothing he has submitted since that time indicates that the interests of justice would be served by reconsideration of the merits. Since the claimed injury is nonexistent, there exists no case to adjudicate.

Affirmed.